IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRENDA L. McCORMICK                                                    PLAINTIFF


        v.                              CASE NO.        12-2031


MICHAEL J. ASTRUE, Commissioner
of Social Security Administration                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).


### I.  Procedural Background:

The plaintiff filed her applications for DIB and SSI on January 28, 2010, alleging an onset date of January 1, 2007, due to plaintiff's Arthritis "from neck down."  T. 117.  Plaintiff's applications were denied initially and on reconsideration.  Plaintiff then requested an administrative hearing, which was held on September 20, 2011 where she was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 49 years of age and possessed a High School Education.  The Plaintiff  had past relevant work ("PRW") experience as a customer

-1-

service representative  (T. 119).

On October 26, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's degenerative joint disease, left carpal tunnel syndrome and pain disorder did not meet or equal any Appendix 1 listing.  T. 12.  The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to  lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk two hours and sit six hours.  She can occasionally climb, balance, kneel, stoop, crouch and crawl, and she can she can frequently handle and finger. She is further limited and can perform work where interpersonal contact is routine but superficial, where the complexity of tasks is learned by experience with several variables and where judgment is required within limits. The supervision required is little for routine but detailed for non-routine tasks T.13 .  With the assistance of a vocational expert, the ALJ then determined Plaintiff could  perform the requirements of representative occupation such as small products assemble, small production machine operator and charge account clerk. .  T. 17.

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id*.  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome,

or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

The Plaintiff first contends that the ALJ committed error in failing to consider her diagnosis of fibromyalgia as severe. (ECF No. 11, p. 10).

### A. Step Two Evaluation

Step two of the regulations involves a determination, based on the medical evidence, whether the claimant has an impairment or combination of impairments that significantly limits the claimant's ability to perform basic work activities. See 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on her ability to work." *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir.2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir.1996). The ALJ determined that the Plaintiff had severe impairments of "degenerative joint disease, left carpal tunnel syndrome and pain disorder associated with both psychological factors and general medical condition". (T. 11).

The ALJ specifically found that the Plaintiff had not met her burden of proof in regards to her claim of "rheumatoid arthritis".  The ALJ did not make any specific finding that the Plaintiff's "fibromyalgia" was severe but he did find that she had a "pain disorder associated with both psychological factors and general medical condition ". The phrase "pain disorder associated with both psychological factors and general medical condition", which the ALJ uses in his opinion, appears to have originated in the Mental Evaluation Report of psychologist Dr. Kathleen Kralik.  This diagnosis is on Axis 1 which deals with Clinical Disorders (DSM -IV-TR, p. 28). Dr. Kralik makes no assessment on Axis III which pertains to General Medical Conditions (Id., p. 30) and Dr. Kralik's report states that she "defers to the medical professionals regarding whether the medical evidence corroborates her report of arthritis of a nature ans severity such as to preclude employment..." (T. 258).

The Plaintiff was diagnosed with fibromyalgia on September 16, 2011 which was established by "Point Tenderness" testing by Dr. Stewart, her treating physician. (T. 316).  The

Plaintiff also  testified about her condition at the time of the hearing on September 20, 2011 (T. 22).

While the ALJ did not discuss fibromyalgia specifically he recognized this diagnosis in his opinion (T. 15) and found her "generalized pain" to be severe. The court finds any error created by his failure to discuss the impairment specifically to be harmless since his evaluation did not terminate at Step Two and that "generalized pain" disorder can be considered synonymous with fibromyalgia.

**B.  Residual Functional Capacity**

 RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record.  *Id*.  This includes medical records, observations of treating physicians and others, a nd the claimant's own descriptions of her limitations.  *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace."  *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering

medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 *citing  Lauer v. Apfel*, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

The ALJ found that the Plaintiff retained the RFC to " to lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk two hours and sit six hours. She can occasionally climb, balance, kneel, stoop, crouch and crawl, and she can frequently handle and finger. She is further limited and can perform work where interpersonal contact is routine but superficial, where the complexity of tasks is learned by experience with several variables and where judgment is required within limits. The supervision required is little for routine but detailed for non-routine tasks." (T. 13).

Physical RFC assessments were performed by two non-examining consultive physicians. Dr. Patricia McCarron, M.D. rendered her opinion on December 27, 2010 finding that the Plaintiff could lift 20 pounds occasionally, 10 pounds frequently and that she could stand and/or walk and sit for six hours in an eight hour workday, and that she was unlimited in her ability to push and/or pull. T. 261.  Dr. McCarron also found no Postural Limitations. T. 262. Dr. McCarron's assessment was reviewed and affirmed by Dr. Bill F. Payne, M.D. on February 28, 2011.  T. 292.

We have stated many times that the results of a one-time medical evaluation do not constitute substantial evidence on which the ALJ can permissibly base his decision. See, e.g.,

*Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir.1999) (stating that the opinion of a consultative physician does not generally satisfy the substantial evidence requirement). This is especially true when the consultative physician is the only examining doctor to contradict the treating physician. Id.  The ALJ in fact discounted the assessment of the consultive physicians and he noted in his opinion that the Plaintiff had "greater physical limitation than those determined by the state agency medical consultants."  (T. 16).

The Plaintiff was first diagnosed with fibromyalgia on September 16, 2011 which was established by "Point Tenderness" testing by Dr. Stewart, her treating physician. (T. 316). This diagnosis occurred more than one and one half years after her application and just four days prior to the hearing before the ALJ.  The Plaintiff testified about her condition at the time of the hearing on September 20, 2011 (T. 22).

Fibromyalgia is an elusive diagnosis; "[i]ts cause or causes are unknown, there's no cure, and, of greatest importance to disability law, its symptoms are entirely subjective." *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir.1996). *Tilley v. Astrue*  580 F.3d 675, 681 (C.A.8 (Ark.),2009). Fibromyalgia is characterized by "generalized aching (sometimes severe); widespread tenderness of muscles, areas around tendon insertions, and adjacent soft tissues; muscle stiffness; fatigue; and poor sleep."  THE MERCK MANUAL OF DIAGNOSIS AND THERAPY 375 (Robert S. Porter, M.D., et al., eds., 19th ed. 2011). Fibromyalgia syndrome is a common disorder characterized by multiple tender points, widespread deep muscle pain, fatigue, and depression.  Tender points are specific places on the body (18 specific points at 9 bilateral locations) that are exceptionally sensitive to the touch in people with fibromyalgia upon examination by a doctor.  Not every diagnosis of fibromyalgia warrants a finding of disability.  *Perkins v. Astrue*, 648 F.3d 892, 900

(8th Cir. 2011). If the impairments result in no more than minimal functional limitations, the impairments are not severe. *Pepper ex rel. Gardner v. Barnhart* 342 F.3d 853, 854 (C.A.8 (Mo.),2003);   Social Security Ruling 96-3p.

 The ALJ found the Plaintiff lived a fairly active lifestyle. Her Function Report showed that the Plaintiff lived alone (T. 136), that she had very minor limitations in performing her personal care (T. 137), that she prepares her own meal and that she could perform housework but that it took most of the day (T. 138), and that she could drive a car and shop (T. 139), and that she goes to church on Sundays and Wednesdays. (T. 140). However, a claimant's ability to perform household chores does not necessarily prove that claimant capable of full-time employment." See *Ekeland v. Bowen*, 899 F.2d 719, 722 (8th Cir.1990) (*citing Easter v. Bowen*, 867 F.2d 1128, 1130 (8th Cir.1989)); See also *Dixon v. Barnhart* 324 F.3d 997, 1002 (C.A.8 (Ark.),2003).

A Functional Capacity Evaluation was performed by DWD Testing, Inc. on September 15, 2011.  T. 303-314.  As a result of the FCE Doin Dahlke provided a Medical Source Statement which found that the Plaintiff could lift 10 pounds occasionally (T. 300) but could only stand and/or walk for less than 2 hours in an 8-hour workday (Id).  He also found that she  could sit for six hours in an 8-hour workday but had to be able to "periodically alternate sitting and standing" (T. 301) and that she had limitations in pushing and/or pulling. (Id.). He also found that she had Postural  Limitations (Id.) and Manipulative Limitations as well as Environmental Limitations. (T. 302).

Mr. Dahlke's assessment suffers from the same deficit as the consultive examinations by government's physicians because it was a one time evaluation.  It was, however,  face to face

with quantitative analysis and therefore the ALJ did give it some greater weight but discounted some of his assessments in regards to the Plaintiff's ability to sit, stand, and push and/or pull.

It is unclear if Dr. Stewart, the Plaintiff's treating physician, had access to Mr. Dahlke's report at the time of his examination.  What is clear is that Dr. Stewart never rendered an opinion concerning the Plaintiff's physical RFC and that his opinion could have great influence on the ALJ opinion. The opinion of a treating physician is accorded special deference and will be granted controlling weight when well-supported by medically acceptable diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000).

The ALJ has a duty to fully and fairly develop the record.  *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exist "even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) *(quoting Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)).  There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. *Battles v. Shalala,* 36 F.3d 43 at 45 (C.A.8 (Ark.), 1994). That duty may include seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped. Id. *Smith v. Barnhart*  435 F.3d 926, 930 (C.A.8 (Ark.),2006).

If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record.  *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984).  "An ALJ should recontact a treating or consulting physician if a critical issue is undeveloped. *See Ellis v.*

-9-

*Barnhart*, 392 F.3d 988, 994 (8th Cir.2005)." *Johnson v. Astrue*, 627 F.3d 316, 319–20 (8th Cir.2010).  In this case the court believes that remand is necessary to obtain a physical RFC assessment from the Plaintiff's treating physician, Dr. Stewart.

### IV.  Conclusion:

Accordingly, the court finds that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration.

Dated  this 13th day of February 2013.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE